HERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* CADILLA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de dinero.

No. 2371.—Resuelto en julio 19, 1921.

OBLIGACIÓN CONDICIONAL.—Vendida una finca en $2,000, el comprador pagó la mitad del precio al vendedor reteniendo la otra mitad para entregársela al recibo del título de dominio inscrito que el vendedor se comprometió a instar en seguida. *Se resolvió:* que era una obligación condicional y no a plazo la contraída por el vendedor.

ID.—CUMPLIMIENTO DE LA OBLIGACIÓN CONDICIONAL.—Cuando el cumplimiento de una condición no depende exclusivamente de la voluntad del obligado, sino también de la de un tercero a quien no puede compelerse de modo alguno, si aquél ha hecho cuanto estaba de su parte, cumple con su obligación y tiene derecho a que el otro contratante cumpla con lo pactado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Méndez Vaz.*

Los apelados no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante Agustín Hernández Mena contra sentencia que dictó la Corte de Distrito de San Juan, Sección Segunda, en

septiembre 28, 1920, declarando sin lugar la demanda interpuesta contra William E. Mullenhoff, William Ludwig Mullenhoff y Francisco M. Cadilla, en cobro de dinero, por el fundamento de que los hechos en ella alegados no son suficientes para determinar una causa de acción.

Los hechos alegados en la demanda que debemos aceptar como ciertos para la decisión del recurso son los siguientes:

Primero. Por escritura pública de 15 de enero de 1912 Julio Maisonet Rivera vendió a William E. Mullenhoff una finca rústica que se describe en la demanda, cuya posesión estaba inscrita a su favor en el registro de la propiedad, por precio de $2,000 de los cuales el comprador pagó al vendedor $1,000 reservando en su poder los $1,000 restantes, con la obligación de pagarlos al mismo vendedor tan pronto éste le entregase certificación debidamente inscrita en el registro de la propiedad del auto de la Corte de Distrito de San Juan aprobando la información que dicho Maisonet debía iniciar enseguida para acreditar el dominio de la finca a favor del comprador Mullenhoff, dentro de los seis meses siguientes al otorgamiento de la escritura mencionada.

Segundo. El comprador William E. Mullenhoff inscribió su título de compraventa en el registro de la propiedad y en la inscripción se hizo constar la responsabilidad del pago de los $1,000 resto del precio de la venta, a favor de Julio Maisonet, como carga que pesaba sobre la finca, especificándose la obligación del comprador de reservar en su poder dichos $1,000 para pagarlos a Maisonet tan pronto éste le entregase la certificación inscrita del dominio de la finca a favor de Mullenhoff.

Tercero. Por escritura de 17 de enero de 1912 William E. Mullenhoff constituyó hipoteca voluntaria sobre la finca para asegurar un préstamo de $2,000 e intereses a favor de su padre William Ludwig Mullenhoff, inscribiendo éste su derecho de hipoteca en el registro y mencionándose en la inscripción que la finca se hallaba afecta a la carga de los

referidos $1,000 pendientes de pago como parte del precio de venta.

Cuarto. Posteriormente la mercantil "Plaza Provision Company" entabló demanda contra William E. Mullenhoff ante la Corte Municipal de San Juan en cobro de $300, intereses y costas; y condenado en rebeldía el demandado Mullenhoff al pago de la cantidad reclamada, fué embargada la finca y vendida en pública subasta el día 11 de febrero de 1913 por precio de $500 a Francisco M. Cadilla, a cuyo favor otorgó el marshal de la corte escritura de venta que también fué inscrita en el registro, haciéndose constar en la inscripción la carga mencionada.

Quinto. El abogado Manuel Moraza, siguiendo instrucciones de Julio Maisonet Rivera, inició a nombre de William E. Mullenhoff, en 17 de enero de 1912, ante la Corte de Distrito de San Juan, expediente *ex-parte* para justificar el dominio de la finca a favor de William E. Mullenhoff y dicha corte por resolución de 29 de abril de 1912 desestimó la solicitud, cuya resolución fué confirmada en grado de apelación por esta Corte Suprema por sentencia de 16 de abril de 1913 bajo el fundamento de ser insuficiente la prueba que el promovente había aportado para justificar el dominio.

Sexto. Con motivo de la sentencia de esta Corte Suprema de 16 de abril de 1913, Julio Maisonet, representado por el abogado Manuel Moraza, practicó diligencias inmediatamente para promover de nuevo a nombre de William E. Mullenhoff el correspondiente expediente de dominio, subsanando la insuficiencia de la prueba que antes había dejado de aportar; pero no le fué posible llevar a efecto la promoción del nuevo expediente por el motivo de que William E. Mullenhoff le negó su autorización para ello, bajo pretexto de que la finca había pasado a ser propiedad de Francisco M. Cadilla, impidiendo así a Julio Maisonet cumplir el compromiso contraído por escritura de 15 de enero de 1912 y cobrar a Mullenhoff los $1,000 que éste debía pagarle tan pronto le en-

tregara la certificación de dominio de la finca debidamente inscrita en el registro de la propiedad.

Séptimo. Por escritura de 27 de enero de 1920, Julio Maisonet transmitió a título de cesión a favor de Agustín Hernández Mena el crédito de $1,000 que le estaba adeudando William E. Mullenhoff cediéndole también todos los derechos y acciones para recobrar dicho crédito, el cual no ha sido satisfecho total o parcialmente ni al cedente Julio Maisonet Rivera ni al cesionario Agustín Hernández Mena.

Octavo. El cesionario Agustín Hernández Mena con el fin de cumplir el compromiso contraído por Julio Maisonet con William E. Mullenhoff en la escritura de venta de la finca de 15 de enero de 1912 solicitó autorización por escrito mediante cartas remitidas bajo pliego certificado al actual dueño de la finca Francisco M. Cadilla para iniciar a nombre de dicho Cadilla y justificar a su favor el dominio de la finca, haciéndole saber al propio tiempo que su silencio sería interpretado por el demandante como una negativa a conceder la autorización solicitada, y quedaría así cumplida en todas sus partes la condición estipulada para el pago de los $1,000 resto del precio de la finca, a cuyas cartas y solicitud jamás dió contestación Cadilla.

La demanda concluye con la súplica de que se condene a los demandados William E. Mullenhoff como deudor principal y a Francisco M. Cadilla como poseedor de la finca a pagar al demandante los $1,000 que se le adeudan con intereses legales y las costas y se declare asimismo en defecto de dicho pago que el demandante tiene derecho preferente sobre William Ludwig Mullenhoff y Francisco M. Cadilla para hacer efectiva en la finca su reclamación, pudiendo embargarla y ejecutarla.

La anterior demanda fué excepcionada por el demandado Francisco M. Cadilla bajo el fundamento de que sus alegaciones no determinan una causa de acción y celebrada la

vista de la excepción el juez la sostuvo y dictó sentencia declarando sin lugar la demanda con las costas al demandante.

Consigna el juez en su opinión como fundamentos de la sentencia: (1) Que tratándose como se trata de una obligación a plazo o a día cierto y no de una obligación condicional, la deuda no es exigible por no haber entregado el vendedor Julio Maisonet Rivera al comprador William E. Mullenhoff la certificación del título dominical de la finca inscrito en el registro de la propiedad; (2) que siendo correlativa la obligación del comprador de entregar al vendedor los $1,000 resto del precio de la finca con la obligación del vendedor de entregar al comprador previamente la certificación del título dominical inscrito en el registro dentro del término de seis meses desde que fué otorgada la escritura de compraventa de 15 de enero de 1912 y no habiendo cumplido el vendedor con su obligación está impedido y también lo está su cesionario Agustín Hernández Mena para reclamar la suma adeudada.

Alega el apelante en apoyo del recurso que la corte cometió error al calificar como calificó en su opinión de obligación a plazo y no de obligación condicional la que es objeto de la demanda y por haber dejado de tener por cumplida la condición para el pago de la cantidad adeudada cuando el obligado a ese pago había impedido voluntariamente al acreedor el cumplimiento de la condición negando su autorización para la instrucción del expediente de dominio.

Según el artículo 1092, sección 2ª., Capítulo III, Título I, Libro IV, del Código Civil Reformado, son obligaciones a plazo aquéllas para cuyo cumplimiento se ha señalado un día cierto, y sólo serán exigibles cuando el día llegue, entendiéndose por día cierto aquél que necesariamente ha de venir aunque se ignore cuando, pues si la incertidumbre consiste en si ha de llegar o no el día, la obligación es condicional y se regirá por las reglas de la sección precedente.

En el presente caso la obligación de pagar el comprador

al vendedor los $1,000, resto del precio de la venta de la finca rústica vendida, cuando el vendedor le entregara certificación debidamente inscrita en el registro de la propiedad del auto de la Corte de Distrito de San Juan aprobatorio de la información de dominio de la misma dentro de los seis meses siguientes al otorgamiento de la escritura de venta, no es una verdadera obligación a plazo pues la aprobación judicial de la información de dominio y la entrega de la certificación de dicho auto al comprador en el período de tiempo indicado no eran hechos ciertos que necesariamente habían de venir sino hechos muy eventuales dependientes de que el juez impartiera su aprobación a la información con vista del resultado de las pruebas que se practicaran y del derecho aplicable al caso, estando subordinada su inscripción en el registro de la propiedad a la calificación del registrador. El promovente y su abogado pudieron creer con la mejor buena fe que habían llenado todos los requisitos necesarios para obtener la aprobación del expediente de dominio y el juez sin embargo estimar lo contrario.

Siendo ello así, había incertidumbre en si había de llegar o nó el día para el cumplimiento de la obligación, y por tanto, ésta debe regirse por las reglas de la sección 1ª. del capítulo, título y libro ya expresados del código.

Entre esas reglas está comprendida la del artículo 1086, que invoca el recurrente, preceptiva de que se tendrá por cumplida la condición cuando el obligado impidiere voluntariamente su cumplimiento; pero aunque el demandante alega haber solicitado autorización por escrito mediante cartas remitidas bajo pliego certificado al demandado Francisco M. Cadilla para iniciar a su nombre y justificar a su favor el dominio de la finca haciéndole saber que su silencio sería interpretado por el demandante como una negativa a conceder la autorización y quedaría cumplida en todas sus partes la condición estipulada para el pago de los $1,000 sin que el demandado diera contestación a dichas cartas, no por

ello es de aplicarse al demandado el precepto del artículo citado aún dada la presunción de que el demandado recibiera las cartas, pues su silencio no implica que aceptara los efectos que a ese silencio atribuye el demandante. Esos efectos no podían ser los que éste arbitrariamente fijara sino los que la ley estableciera, y no conocemos precepto legal alguno que sancione tales efectos.

Pero entre las reglas que gobiernan las obligaciones condicionales encontramos la comprendida en el artículo 1082 del Código Civil que dice así:

"Art. 1082.—Cuando el cumplimiento de la condición dependa de la exclusiva voluntad del deudor, la obligación condicional será nula. Si dependiere de la suerte o de la voluntad de un tercero, la obligación surtirá todos sus efectos con arreglo a las disposiciones de este Código."

Y comentando Manresa el artículo 1115 del Código Civil Español, cuyo texto es igual al 1082 del Código Civil Revisado, refiriéndose a casos en que el cumplimiento de la condición dependa en parte de la voluntad del acreedor y en parte de la voluntad de un tercero a quien no pueda compelerse para que tenga realización, se expresa en los siguientes términos:

"En tales casos, la jurisprudencia anterior al Código Civil tenía declarado que el acreedor habiendo realizado cuanto de él dependía, pudiera exigir el cumplimiento de las obligaciones. Este cumplimiento, *ficto,* no real, expresamente no está admitido por el Código que se limita a declarar válidas tales condiciones y la obligación por ellas afectada; pero tampoco lo rechaza y en su silencio, y como doctrina, puede en la jurisprudencia mantenerse su antiguo criterio." Manresa, comentarios al Código Civil, Tomo 8, p. 122.

La jurisprudencia a que se refiere el ilustrado comentarista español la encontramos consignada en las sentencias del Tribunal Supremo de España de 19 de noviembre de 1866 y 23 de febrero de 1871.

En la primera de dichas sentencias se consigna:

"Que si bien el demandante se impuso en los contratos la obligación de acreditar los trabajos con certificados del ingeniero-jefe de la línea, aquella obligación no dependía de su voluntad sino de la de un tercero a quien no podía compelerse por medio alguno, puesto que no estaba obligado; y habiendo apreciado la Sala sentenciadora, según las pruebas practicadas que Cremades hizo cuanto estaba de su parte para cumplir lo convenido * * * la ejecutoria al imponer a los recurrentes la obligación de cumplir lo convenido, sin perjuicio de los derechos que puedan hacer valer por consecuencia de la recepción definitiva de las obras, no ha infringido la ley del contrato, ni la 1ª., tit. 1º., libro 10 de la Novísima Recopilación y 12, tit. 11., Partida 5ª., que hablan de las obligaciones en general, ni las sentencias que se invocan de este Supremo Tribunal."

Y en la segunda, el mismo sabio tribunal sostiene,—

"Que cuando el cumplimiento de una condición no depende de la voluntad del obligado, sino de la de un tercero a quien no puede compelerse de modo alguno, si aquél ha hecho cuanto estaba de su parte, cumple con su obligación y tiene derecho a que el otro contratante cumpla con lo pactado, cuya doctrina es también la admitida por este Supremo Tribunal."

En el presente caso, como hemos dicho antes, el cumplimiento de la condición no dependía exclusivamente de la voluntad del acreedor sino de hechos ajenos al mismo. La escritura de venta se otorgó en 15 de enero de 1912 y en 17 del mismo mes inició el acreedor vendedor, Julio Maisonet Rivera, ante la Corte de Distrito de San Juan, expediente para justificar el dominio de la finca a favor del comprador; la información de dominio fué desestimada por resolución de 29 de abril de 1912 de la que apeló Maisonet Rivera, habiendo sido confirmada por esta Corte Suprema en sentencia de 16 de abril de 1913 cuando ya había vencido con exceso el término señalado para la entrega del certificado inscrito en el registro del auto aprobatorio del dominio; Maisonet Rivera practicó inmediatamente diligencias para subsanar la insuficiencia de la prueba, pero no consiguió su propósito por

haberle negado William E. Mullenhoff autorización para ha-cerlo, por haber pasado la finca a ser propiedad de Francisco M. Cadilla; y últimamente el demandante Agustín Hernández Mena, cesionario de Julio Maisonet, por medio de cartas certificadas solicitó autorización de Cadilla para iniciar a nombre de éste y a su favor el expediente de dominio de la finca sin que obtuviera contestación alguna.

La falta de cumplimiento de la condición impuesta al acreedor para el pago por el deudor del precio aplazado de la venta no ha dependido exclusivamente del acreedor Julio Maisonet Rivera ni de su cesionario, el hoy demandante, Agustín Hernández Mena, sino primeramente de la Corte de Distrito de San Juan y de esta Corte Suprema, que denegaron la aprobación del expediente de dominio, y después de terceras personas, a saber: William E. Mullenhoff y Francisco M. Cadilla.

Ante esos hechos no puede someterse al acreedor a una especie de cláusula penal que no fué convenida en el contrato, privándole del derecho de cobrar un crédito que legítimamente adquirió por escritura de 15 de enero de 1912, aunque afectado para su cobro por una condición cuyo cumplimiento no ha dependido de su exclusiva voluntad, y hacemos aplicación de la jurisprudencia establecida por el Tribunal Supremo de España, que aunque es anterior al Código Civil, no está en contradicción con sus preceptos, sin perjuicio del derecho del comprador a ser reintegrado por el vendedor de los gastos que pueda causar la instrucción del expediente de dominio.

Es de revocarse la sentencia apelada y devolverse el caso a la corte de su origen para procedimientos no inconsistentes con la presente opinión.

*Revocada la sentencia apelada y devuelto el*
*caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron.